## SUN OIL CO. v. WATSON et al.
### No. 4241–51.

United States District Court
District of Columbia, Civil Division.
April 15, 1954.
As Amended May 3, 1954.

Dos T. Hatfield, Washington, D. C., Frank S. Busser, Philadelphia, Pa., of counsel, for plaintiff.

Francis C. Browne, Washington, D. C., William E. Schuyler, Jr., Washington, D. C., for Esso Standard Oil Co.

E. L. Reynolds, Sol. U. S. Patent Office, Washington, for Commissioner of Patents.

LETTS, District Judge.

At the trial defendant Esso Standard Oil Company objected to the introduction of the "third party" registrations (plaintiff's exhibit 3), under the doctrine that prior trademark registrations may not be considered for the purpose of giving a limited application to an opposer's mark and that such third party registrations may not be considered in determining the question of confusing similarity between the mark of an applicant and that of an opposer. The court recognizes the force of the objection but is of opinion that the objection is not sufficient to rule out the evidence in view of the purpose announced by plaintiff in offering the exhibit. I quote from a transcript of the proceedings, "Mr. Busser: I offer in evidence a file of registered trademarks all having as a part thereof, as a syllable thereof, either as a prefix or suffix, the word VIS, which marks are distinguishable, obviously, one from another only by reason of the dominant syllable associated with the suffix, VIS, which we are all agreed is simply a well-known abbreviation for "viscosity." Plaintiff's exhibit

3 was received for the purpose so announced. It is true that the colloquy which followed plaintiff's offer of the exhibit related in large part to the applicability of the principles of law embodied in the objection of defendant, Esso Standard Oil Company; but plaintiff made clear the purpose of his offer when near the end of the colloquy he renewed his offer of the exhibit in the following language "Now, this evidence that I propose to submit proves conclusively that the dominant part of this mark, these marks, are respectively UNI and SUN." The court concludes that plaintiff's exhibit 3 was properly received for the purpose of such offer. No weight will be given to the exhibit in violation of the principles of law mentioned in the objection interposed by defendant Esso Standard Oil Company.

In the patent office the plaintiff was known as the applicant and the defendant "Esso Standard Oil Company" was known as the opposer. The applicant sought to register the notation "Sunvis" as a trademark for lubricating oils. The opposer relied on prior use of its trademark 'Univis' as applied to lubricating oils, such priority of use being conceded by the applicant.

The only questions that required decision in the patent office and here are whether the goods of the parties possess the same descriptive properties, and the marks applied thereto bear such near resemblance as to be likely to give rise to confusion in trade when applied concurrently to the products involved.

Notwithstanding any specific difference between the products they nevertheless relate to the same classification of merchandise, and are hence goods of the same descriptive properties within the meaning of the Act of 1905, 33 Stat. 724.

The court finds that "Sun" is the dominant syllable of plaintiff's mark. The name "Sun", if it does not suggest plaintiff's corporate name, would suggest the orb that gives light and heat to the earth. It is not a contraction of Uniform, which is what defendant Esso Standard Oil Company asserts in its advertising as to the prefix portion of its mark.

The court thinks that the record supports the view taken by the examiner of interferences which he expressed in this language "While it is true, as the opposer contends, that the marks differ in composition only as to one letter in the initial portions thereof, however, this difference together with the arrangement of the letters is believed to result, as contended by the applicant, in terms which are different in appearance and sound, and so entirely different in meaning as to obviate any confusing similarity between them, and enable their concurrent use for the products involved without any reasonable liklihood of confusion in trade."

Counsel for plaintiff will present for settlement findings of fact, conclusions of law and a judgment form consistent herewith.